**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

vs.                                           Case No. 3:14-cv-474-J-34JRK

PATRICIA A. CONNELL,

               Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>[1]

       This cause is before the Court on the Motion for Entry of Default Judgment (Doc. No. 9; "Motion"), filed May 30, 2014.[2] Plaintiff initiated this action by filing the Complaint (Doc. No. 1; "Complaint") on April 22, 2014.  Defendant was served with process on April 26, 2014. <u>See</u> Affidavit of Service (Doc. No. 6-1), filed May 6, 2014.  On May 22, 2014, Plaintiff moved for entry of default because Defendant failed to timely respond to the Complaint or otherwise appear in this case.  <u>See</u> Application and Declaration for Entry of Defendant's Default (Doc. No. 7).  The Clerk of the Court entered default against Defendant on May 29, 2014.  <u>See</u> Clerk's Entry of Default (Doc. No. 8).  Thereafter, the instant Motion was filed.  In the Motion, Plaintiff seeks entry of a final default judgment against Defendant and an award of attorney's fees and costs.  <u>See generally</u> Motion.

---

[1]      Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document.  Failure to file a timely objection waives a party's right to a <u>de</u> <u>novo</u> review.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

[2]      Plaintiff certifies that a copy of the Motion was mailed to Defendant on May 30, 2014. Motion at 4.  The Clerk of Court also mailed a copy of the Motion to Defendant on June 20, 2014.

After Defendant failed to respond to the Motion within the time permitted by the Federal Rules of Civil Procedure ("Rule(s)"), an Order (Doc. No. 10) was entered on June 19, 2014, taking the Motion under advisement and directing Defendant to file a response by July 21, 2014.  To date, Defendant has not filed a response to the Motion or otherwise appeared in this matter.  The Motion, therefore, is deemed unopposed.

## I.  Applicable Law

Rule 55 provides the requirements for entry of a default judgment.  See Fed. R. Civ. P. 55(b)(2).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[3] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

## II.  Discussion

The undersigned initially discusses whether entry of a default judgment is appropriate, followed by a discussion of Plaintiff's requests for attorney's fees and costs.

---

[3]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

## A.  Default Judgment

Plaintiff initiated the instant suit to reduce Defendant's defaulted student loan debts to judgment.  See Compl.  The Court has subject matter jurisdiction over this case because it is a civil action commenced by the United States.  See 28 U.S.C. § 1345 (providing district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States").[4]  The Court must now ensure that Plaintiff has stated a valid cause of action.

For the Court to enter judgment "in favor of the United States, [the United States] must prove that (1) Defendant executed the note[s]; (2) [the] United States is the present holder of the note[s]; and (3) the note[s are] in default."  United States v. Hickey, No. 6:11-cv-1608-Orl-28KRS, 2012 WL 933229, at *2 (M.D. Fla. Feb. 27, 2012) (internal quotations and citation omitted) (unpublished report and recommendation), adopted, 2012 WL 933206 (Mar. 20, 2012) (unpublished); see United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013) (unpublished Table decision) (citing United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001)).

Attached to the Complaint are two sworn Certificates of Indebtedness from the U.S. Department of Education (Doc. Nos. 1-1 to 1-2; collectively, "Certificates of Indebtedness"). Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes."  Fed. R. Civ. P. 10(c).  The Certificates of Indebtedness, therefore, are considered to be part of the Complaint.

---

[4]      In Plaintiff's counsel's Declaration for Entry of Default Judgment (Doc. No. 9), at 18-19, attached to the Motion, Plaintiff's counsel certifies that Defendant is not an active member of the military service of the United States of America and she is not an infant or incompetent person.  See also Affidavit of Service (Doc. No. 6-1).  To the extent required, Plaintiff has complied with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521.

The Certificates of Indebtedness reflect that on about July 12, 1993 and on about September 10, 1993, Defendant executed promissory notes.  <u>See</u> Certificates of Indebtedness at 1.  The Certificates also indicate the United States now holds the notes and Defendant is in default on the notes.  <u>See</u> <u>id.</u>  The first Certificate of Indebtedness (Doc. No. 1-1) reflects that as of August 5, 2011, Defendant owes Plaintiff $3,030.99 in principal and $2,583.70 in interest for the first loan, and the second Certificate of Indebtedness (Doc. No. 1-2) shows that Defendant owes $4,963.23 in principal and $4,470.93 in interest for the second loan.[5]  Through June 30, 2012, interest accrues at 3.16% and a daily rate of $0.26 on the first loan, <u>see</u> Doc. No. 1-1, and 3.27% and a daily rate of $0.44 on the second loan, <u>see</u> Doc. No. 1-2.  On both loans after June 30, 2012, interest accrues "at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. [§] 1077a."  Certificates of Indebtedness at 1.

Plaintiff represents in the Complaint that "[d]emand has been made upon [ D]efendant for payment of the indebtedness, and [ D]efendant has neglected and refused to pay the same."  Compl. at 2.  In addition to the relief outlined above, Plaintiff seeks "prejudgment interest through the date of judgment, all administrative costs allowed by law, [] post-judgment interest pursuant to 28 U.S.C. [§] 1961[, and] that interest on the judgment be at the legal rate until paid in full," as well as attorneys' fees and such other relief as may be warranted.  Compl. at 2-3.

---

[5] Plaintiff updates the interest amount due and owing in the Motion.  Plaintiff indicates that "[a]s of May 23, 2014 there is due and owing to Plaintiff from Defendant . . . $2,851.62 in interest  [on the first loan] . . . and . . . $4,924.92 in interest [on the second loan.]"  Motion at 2.

By failing to answer or otherwise respond to the Complaint, Defendant is deemed to have admitted that she signed the promissory notes, that the United States is the present holder of the notes, and that the notes are in default.  Accordingly, the undersigned finds that Plaintiff has properly stated a valid cause of action, and Plaintiff is entitled to entry of default judgment.

Once a court determines that a plaintiff is entitled to default judgment, the court must determine whether a hearing is necessary to decide the amount of damages.  "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation."  United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005).  When the essential evidence regarding damages is before a court, a hearing on damages may be unnecessary.  See Smyth, 420 F.3d at 1232 n.13.  Here, the undersigned finds that a hearing is unnecessary because the essential evidence relating to damages is before the Court.  See id.  As noted above, the sworn Certificates of Indebtedness establish that as of August 5, 2011, Defendant owes Plaintiff a total of $15,048.85.  Plaintiff is entitled to prejudgment interest accruing on the total principal amounts at the rates set forth in the Certificates of Indebtedness.  See Certificates of Indebtedness at 1.[6]  Plaintiff is further entitled to post-judgment interest from the date of judgment at the legal rate established by 28 U.S.C. § 1961.

---

[6] As previously indicated, Plaintiff updates the amount of interest due and owing in the Motion.  See Motion at 2.  Given that at least part of the amount of interest is variable and determined by statute, and given that Plaintiff has not explained how it arrived at the updated figure, the undersigned recommends that the judgment include the language used in the sworn Certificate of Indebtedness rather than the amount provided by Plaintiff.

### B.  Attorney's Fees and Costs

Plaintiff requests attorney's fees in the amount of $1,080.00 ($200 per hour x 5.4 hours).  See Declaration of Attorney's Fees (Doc. No. 9) at pp. 9-10 ("Declaration"); see Motion at 2-3.  Plaintiff bases this request on the promissory notes signed by Defendant that include the following language: "I will pay all charges and other collection costs including the statutorily authorized fees of an outside attorney and court costs that are permitted by federal law and regulations for the collection of this loan . . . ."  See "Application and Promissory Note for a Stafford Loan" (Doc. No. 9) at 12; "Application and Promissory Note for Supplemental Loans for Students (SLS)" (Doc. No. 9) at 16 (reflecting identical quote with one exception–the word "collection" does not appear before the word "costs").  Plaintiff also cites to the Higher Education Act of 1965, 20 U.S.C. § 1071 et seq. and its implementing regulations.  See Motion at 2-3.

A review of the Declaration, the remainder of the file, and the applicable law reflects that the requested hourly rate of $200 is reasonable.[7]  The hours expended are also reasonable with one exception: Plaintiff seeks fees for two hours to be spent in the future on "Post Judgment Collection."  Decl. at 9.  Plaintiff cannot collect attorney's fees now for hours it may expend in the future.  See Whitney Bank v. Point Clear Dev., LLC, No. 11-0657-WS-M, 2012 WL 2277597, at *7 n.13 (S.D. Ala. June 18, 2012) (unpublished) (citing cases finding the same). The undersigned, therefore, recommends that only 3.4 hours be awarded for a total of $680.00.

---

[7]      Plaintiff's counsel has been awarded a $200 hourly rate in similar cases in this District. See United States v. Ritchie, No. 3:13-cv-676-J-34JBT (Doc. Nos. 9, 12, 13) (M.D. Fla. 2013); United States v. Muldrow, No. 6:13-cv-881-Orl-37TBS (Doc. Nos. 12, 13) (M.D. Fla. 2013).

Finally, incorporated into the Motion is a "Bill of Costs."  Motion at 3 (capitalization omitted).  Plaintiff requests $45.00 in costs for "fee for service and travel per 28 U.S.C. [§] 1921."  Id. (capitalization omitted).  Pursuant to Rule 54(d), "costs should be allowed to the prevailing party" unless there is a court order, United States statute, or Rule to the contrary. The recovery of costs is subject to the Court's broad discretion, see Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir.1991), and is limited to those costs expressly provided for by statute, Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  The service of process fee is a taxable cost.  See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (holding "that private process server fees may be taxed pursuant to [28 U.S.C.] §§ 1920(1) and 1921").  The $45.00 service of process fee appears reasonable and appropriately sought, so it should be awarded.

### III.  Conclusion

Upon review of the Motion and the file, the undersigned finds that Plaintiff has met the requirements for entry of a default judgment against Defendant as provided above. Accordingly, it is

**RECOMMENDED THAT:**

1.      The Motion for Entry of Default Judgment (Doc. No. 9) be **GRANTED in part and DENIED in part**.

2.      The Motion be **GRANTED to the extent** that the Clerk of the Court be directed to enter judgment in favor of Plaintiff and against Defendant in the following amounts:

A.      as to the first loan: $3,030.99 in principal, $2,583.70 in prejudgment interest as of August 5, 2011, prejudgment interest on the total principal

amount accruing at the rate of 3.16% and a daily rate of $0.26 from August 6, 2011 through June 30, 2012, and thereafter through the date of judgment at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a; and

B.     as to the second loan: $4,963.23 in principal, $4,470.93 in interest as of August 5, 2011, prejudgment interest on the total principal amount accruing at the rate of 3.27% and a daily rate of $0.44 from August 6, 2011 through June 30, 2012, and thereafter through the date of judgment at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a; and

C.     post-judgment interest accruing at the legal rate established by 28 U.S.C. § 1961; $680.00 in attorney's fees; and $45.00 in costs.

3.     The remainder of the Motion be **DENIED**.

4.     The proposed "Default Final Judgment" (Doc. No. 9), at pp. 20-21, attached to the Motion, be **STRICKEN**.[8]

---

[8]     Plaintiff has submitted a proposed order with the Motion. See Doc. No. 9, at pp. 20-21. Although the Court appreciates Plaintiff's efforts in preparing a proposed order, its submission is inconsistent with the Court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases, II.E.4: "Proposed Order: No proposed order shall be submitted unless authorized by the Court. . . ." See also Local Rule 1.01(a).  Therefore, the proposed order is due to be stricken.

-8-

5.     The Clerk of Court be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on August 1, 2014.


*James R. Klindt*

**JAMES R. KLINDT**
United States Magistrate Judge


jlk
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Patricia A. Connell
828 James Street
Jacksonville, FL 32205